UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:06-CR-161 |
| V. | ) | (Phillips / Guyton) |
| | ) | |
| | ) | |
| JERRY HAROLD WHALEY and | ) | |
| EDWARD WILLIAM STRICKLAND, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF COMMITMENT FOR MENTAL EXAMINATION AND EVALUATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on the Motion to Determine Competency [Doc. 19], filed February 21, 2007, by counsel for defendant Edward William Strickland  In this motion [Doc. 19], Attorney Michael Coleman moves, pursuant to 18 U.S.C. § 4241 (a), for an order for psychiatric and psychological evaluation on the basis that there is reasonable cause to believe defendant Strickland may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The government does not opposed entry of an order directing that a psychiatric or psychological examination of the defendant be conducted.

After carefully considering Defendant's Motion to Determine Competency [Doc. 19], the Court finds there is reasonable cause to believe that the defendant is "suffering from a mental

1

disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Accordingly, the Court finds that the defendant should undergo a full evaluation under 18 U.S.C. § 4241 (a) and (b). Thus, the motion [**Docs. 19**] is **GRANTED**.

A status conference and/or competency hearing is set for **April 4, 2007 at 9:00 a.m.** Further, the Court finds that until the mental evaluation is complete and the issue of competency resolved, counsel for defendant Strickland cannot have meaningful interaction with him in order to review the facts of the case, properly advise him of the law, including any defenses he may have, and assess the need for pre-trial motions. Accordingly, the deadline for filing pre-trial motions in this case is extended to **April 13, 2007.** responses are due on or before **April 20, 2007.** The Court notes that the jury trial of this matter is currently scheduled for June 5, 2007. If it appears that the trial date may need to be continued, the Court will address that at the April 4, 2007, status conference/competency hearing.

It is therefore **ORDERED:**

1. That defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for the purposes indicated herein and the United States Marshal is hereby directed to transport the defendant to the nearest suitable psychiatric facility (hospital) for purposes of psychiatric evaluation, pursuant to 18 U.S.C. §§ 4241 and 4242. Said commitment shall be for a reasonable period not to exceed forty-five (45) days (to commence when defendant arrives at the facility), unless otherwise ordered.

2. That the receiving facility and doctor in whose primary care the defendant is placed shall file a written report with this Court pursuant to 18 U.S.C. § 4247(c) as soon

as practical with copies to counsel for the government and the defendant, said report to include:

      a.    the defendant's history and present symptoms;

      b.    a description of the psychiatric, psychological, and medical tests that were employed and their results;

      c.    the examiner's findings; and

      d.    the examiner's opinions as to diagnosis, prognosis, and

      (1)   whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

      (2)   whether the defendant suffered from such mental disease or defect which rendered him insane at the time of the offense charged.

3.    That a status hearing or hearing on the question of the defendant's competency to stand trial is presently set for **April 4, 2007, at 9:00 a.m.**, pending the return of the defendant and a report on his mental condition from the facility to which he is assigned.

4.    That the defendant be given any necessary medications if determined appropriate to do so by the medical staff at the facility;

5.    That the psychiatrist/psychologist have access to any Pretrial Services Reports completed on defendant in the instant case; and

6.    That the psychiatrist/psychologist have access to all available medical records on the defendant.

7.    The names, addresses, and telephone numbers of the Assistant United States Attorney, defense counsel, and defendant's pretrial service officer are as follows:

    (a)    Government's counsel:

J. Edgar Schmutzer
Office of the United States' Attorney
P.O. Box 872, Knoxville, TN 37902
(865) 545-4167

(b) Defense counsel:

Michael B. Coleman
Coleman & Wood
800 S. Gay Street, Suite 1401
Knoxville, TN 37929-5001
(865) 546-1484

(c) Pretrial Services Officer:

Joe Cuccia
800 Market Street, Suite 120
Knoxville, TN 37902
(865) 545-4001

8. The Clerk is directed to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshal.

9. The United States Marshal shall notify the clerk of the court and the undersigned's office promptly when defendant returns to this jurisdiction from the mental evaluation. A competency hearing/status conference has been scheduled for **April 4, 2007, at 9:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge